DECISION
{¶ 1} This is an appeal from an order issued by the Franklin County Court of Common Pleas granting a motion to compel discovery filed by plaintiff-appellee law firm Schottenstein, Zox Dunn ("SZD") in an action brought by SZD against defendant-appellant Michael McKibben ("McKibben").
{¶ 2} In 1997, McKibben came to SZD requesting assistance with his dispute against Planning Works, Inc. ("PWI"). When one of the individual attorneys assisting him, Benjamin S. Zacks, left SZD in October of that year, McKibben went with him, and Zacks removed pertinent files from SZD's premises with SZD's permission.
{¶ 3} At the end of 1999, while engaging in correspondence with PWI on McKibben's case, Zacks received a letter written on PWI's behalf from Richard A. Barnhart, an attorney with SZD who had previously assisted McKibben in the same matter when McKibben had been a client of SZD. Zacks argued conflict of interest, and eventually, after three months, SZD referred PWI to a different law firm for representation.
{¶ 4} In March 2001, the underlying cause of action in the case at bar was commenced when SZD filed a complaint alleging McKibben owed some $28,000 in legal fees for representation which occurred during 1997. McKibben counterclaimed for $25,000, alleging that SZD had violated the attorney-client privilege, breached its implied duty of good faith and fair dealing, unjustly enriched itself, violated the code of professional responsibility, and breached its contract with and fiduciary duty toward McKibben. McKibben's counterclaim was essentially based upon the decision of SZD and Barnhart to represent PWI against McKibben, and McKibben alleged that this representation jeopardized his claims against PWI because confidential matters to which Barnhart was privy were in danger of being revealed.
{¶ 5} On September 24, 2001, SZD filed a motion to compel responses to SZD's request for production of documents. McKibben provided responses to all but one of SZD's requested documents, and filed notice of same with the trial court. Although McKibben claims that his notice of compliance mooted the motion to compel, no order of the trial court reflects this.
{¶ 6} On October 10, 2001, SZD's counsel issued a letter requesting that McKibben's client file be released to SZD, and threatening to file a second motion to compel should the requested documents not be produced by October 15, 2001. McKibben adamantly maintains that the withheld documents are privileged and asserts that the only information still in the client file is confidential information pertaining to communications between McKibben and Zacks.
{¶ 7} The trial court scheduled a status conference on November 1, 2001, which was held before a staff attorney of the court, and no record of the proceeding was made. On November 6, 2001, the trial court issued a decision and entry sustaining SZD's motion to compel discovery, and ordered the contested file be released to SZD.
{¶ 8} McKibben now raises one assignment of error:
{¶ 9} "Assignment of Error No. 1
{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT MR. MCKIBBEN WAS REQUIRED TO RELEASE HIS ATTORNEY'S CONFIDENTIAL CLIENT FILE TO SCHOTTENSTEIN ZOX DUNN."
{¶ 11} As a preliminary matter, SZD has filed a Civ.R.12(F) motion to strike several exhibits which are attached to McKibben's brief because said exhibits are not part of the record which was before the trial court in rendering the decision now being appealed. SZD asserts that while correspondence between the parties was reviewed by a staff attorney to the trial court during a status conference on the motion to compel, the trial court was not present for that meeting and no record was made of the discussion which took place, nor was any mention of the exhibits made in the trial court's decision. We agree with SZD that these exhibits are immaterial or impertinent to the issues raised on appeal, and so sustain the motion to strike.
{¶ 12} SZD has also filed a motion to dismiss the appeal on the grounds that the trial court's discovery order does not constitute a final appealable order as defined in R.C. 2505.02, and thus, this court does not have jurisdiction to entertain the appeal.
{¶ 13} R.C. 2505.02 defines a final appealable order as, inter alia:
{¶ 14} "An order that grants or denies a provisional remedy and to which both of the following apply:
{¶ 15} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy[, and]
{¶ 16} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." In addition, the statute defines a "[p]rovisional remedy" as a "proceeding ancillary to an action, including, but not limited to, a proceeding for * * * discovery of privileged matter." R.C. 2505.02(A)(3).
{¶ 17} The R.C. 2505.02 procedural issues raised by the case at bar are in many ways similar to those addressed by this court recently in Cuervo v. Snell (Sept. 26, 2000), Franklin App. No. 99AP-1442, cited with favor in State v. Muncie (2001), 91 Ohio St.3d 440. Cuervo was an action to collect judgment in which the appellees had filed a motion to compel discovery. The trial court granted the motion to discover on the grounds that the attorney-client privilege had been waived by appellants, and this court concluded the discovery order met the test of R.C. 2505.02 and so was a final appealable order. In so holding, we followed the reasoning of the Ninth District Court of Appeals, which held that an order compelling discovery of trade secrets was a final appealable order. In Gibson-Myers Assoc. v. Pearce (Oct. 27, 1999), Summit App. No. 19358, that court stated:
{¶ 18} "* * * On its face, R.C. 2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. * * *" (Emphasis added.)
{¶ 19} In the case before us, there is no dispute that the documents in question were generated in the course of Zacks' representation of McKibben. McKibben has at least raised a colorable claim that the documents subject to the discovery order at issue here constitute privileged matter which is potentially protected. Once the client file is revealed, the bell will have rung, and, if in fact the file contains sensitive material, McKibben would have no adequate remedy on appeal. We thus conclude that the trial court's decision on the motion to compel discovery constitutes a final appealable order, and so overrule SZD's motion to dismiss this appeal.
{¶ 20} Having so decided, we now turn to the question of whether the trial court abused its discretion in ordering release of the contested documents.
{¶ 21} In its decision compelling discovery, the trial court rejected McKibben's claim that production of the contested documents would violate the attorney-client privilege and would prejudice his claim against PWI because SZD has no connection to PWI and "there appears to be no danger of the documents in question being shared with or disclosed to [PWI]," and further, that McKibben impliedly waived the privilege pursuant to the doctrine set forth in HD Steel Serv., Inc. v. Weston, Hurd, Fallon, Paisley Howley (July 23, 1998), Cuyahoga App. No. 72758. The trial court also rejected McKibben's claim that the documents are not relevant, opining that McKibben did not meet his burden of establishing that the requested information would not lead to the discovery of admissible evidence, as required by Civ.R. 26(B)(1). In ordering production of the documents, the court limited SZD's use of the documents to the purposes of the instant case and cautioned SZD not to disclose information contained therein to third parties, including PWI or its counsel.
{¶ 22} We reject the trial court's reasoning that McKibben impliedly waived his right to assert the matter is privileged when he filed his counterclaim against SZD. The trial court's decision relied upon HD Steel Serv., which had adopted the test set forth in Hearn v. Rhay (E.D.Wash. 1975), 68 F.R.D. 574. Under Hearn, a privilege is impliedly waived if:
{¶ 23} "* * * (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. * * *" Hearn at 581.
{¶ 24} There is no question that the filing of a counterclaim would meet the requirement of the first prong of the Hearn test. What is questionable is whether, in the case at bar, McKibben put the protected information at issue by making it relevant to the case, and whether application of the privilege denied SZD access to information vital to its defense.
{¶ 25} This court is unable to reach a conclusion on these questions because the record lacks a transcript or other evidence which would allow us to determine either the relevance of the documents or whether the documents are vital to SZD's defense against the counterclaim. On this issue, this case is indistinguishable from Gibson-Myers, supra, in which the court stated:
{¶ 26} "* * * In the case at bar, the record is void of any evidence pertaining to whether or not the documents in question constitute trade secrets. Therefore, this Court cannot determine whether the documents at issue are trade secrets. This is due in part to the trial court's premature ruling and its failure to hold a hearing on the record. * * *"
{¶ 27} The solution to this problem in Gibson-Myers was to reverse and remand the matter to the trial court for an in-camera inspection of the documents in question. The trial court was ordered to create a record of the inspection and the court's findings and to determine whether the documents constitute trade secrets under Ohio law.
{¶ 28} Similarly, we find that the trial court in the case at bar failed to create a complete record which would allow this court to conduct a meaningful review of whether attorney-client or other privilege is applicable to the documents at issue, and so we must remand this case for further review, specifically, for an in-camera review of the client file which was subject to the discovery order and for which a privilege is claimed. To this extent, appellant's assignment of error is sustained.
Motion to strike sustained; motion to dismiss overruled; judgment reversed and cause remanded with instructions.
BRYANT and PETREE, JJ., concur.